UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

KURT TECHAWATANASET,

        Plaintiff,

vs.

SPRINT CORPORATION,

and

SOURCE RECEIVABLES MANAGEMENT, LLC,

        Defendants.

Case No. 21-cv-668

# COMPLAINT

NOW COMES the Plaintiff Kurt Techawatanaset, by and through his attorneys, DeLadurantey Law Office, LLC, and complains of Defendants Sprint Corporation and Source Receivables Management, LLC, and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

### Nature of the Action

1. This lawsuit arises from unlawful collection attempts of the Defendants.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq*.

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred

5. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. § 1367, because the Wisconsin Consumer Act claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is subject to personal jurisdiction in Wisconsin, as the actions giving rise to the lawsuit occurred in Wisconsin.

**Parties**

8. Plaintiff Kurt Techawatanaset (hereinafter "Plaintiff") is a natural person who resides in the County of Milwaukee, State of Wisconsin.

9. Defendant Sprint Corporation (hereinafter "Defendant Sprint") is a business with a principal office address at 6200 Sprint Parkway, Overland Park, Kansas 66251. Defendant Sprint's registered agent is Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas, 66614.

10. Defendant Sprint is a "debt collector" pursuant to Wis. Stat. § 427.103(3).

11. Defendant Source Receivables Management, LLC (hereinafter "Defendant SRM") is a business with a principal office address at 4615 Dundas Drive, Suite 102, Greensboro, NC 27407. Defendant SRM's registered agent is C T Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

12. Defendant SRM is a "debt collector" pursuant to Wis. Stat. § 427.103(3) a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

## Factual Allegations

13. Plaintiff is the victim of identity theft.

14. An unknown identity thief used Plaintiff's identity was used to rack up over $4,500 of charges with Defendant Sprint.

15. Specifically, the thief used Plaintiff's identity to purchase four brand new iPhones and take out four lines of service from Defendant Sprint.

16. The identity thief immediately ceased payment on these phones after purchase.

17. In December 2020, Plaintiff first learned of this identity theft in the form of a decrease in his credit scores.

18. Plaintiff contacted all of the credit bureaus to dispute the debt and put a freeze on his credit.

19. He then contacted Defendant Sprint to inform them of the fraud, and was told someone from Defendant Sprint would contact him. Defendant Sprint later sent him a fraud packet to complete.

20. Plaintiff learned that Defendant Sprint had allowed someone else to open up the cell phone accounts using his name and an address at which Plaintiff had not resided for many years.

21. After this, Plaintiff received a letter in March 2021 from Defendant SRM, seeking to collect on the debt.

22. Defendant Sprint is unable/unwilling to talk to Plaintiff since he does not know the "password" set on the account at the time of creation. Plaintiff has stated the lack of knowledge of the "password" is pretty obvious; he does not possess the password as he did not open the account.

23. Plaintiff has completed and provided the fraud packet information that Defendant Sprint provided, but received no response.

24. Defendant Sprint told Plaintiff to direct his questions and concerns to Defendant SRM.

25. Plaintiff has contacted Defendant SRM to dispute the debt. Defendant SRM has told Plaintiff to contact Defendant Sprint about the alleged fraud.

26. Plaintiff has provided clear and ample proof of his stolen identity, including police reports.

27. Defendants have continued with their collection attempts against the Plaintiff.

28. This refusal to regards or understand the clear facts (which were already known to Defendants) shows Defendants' reckless indifference to the rights of Plaintiff.

29. Plaintiff has sustained actual damages as a result of Defendants' actions, including a decreased credit score.

## Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692) – Defendant SRM

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

32. The foregoing acts of the Defendant SRM and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, and 1692f, with respect to the Plaintiff.

33. Specifically, under 15 U.S.C. § 1692d, a debt collector cannot engage in conduct which has the natural consequence to harass, oppress, or abuse a consumer, which the Defendant SRM did when it tried to collect from the Plaintiff in the manner described.

34. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which they did when they tried to collect on the debt.

35. Specifically, under 15 U.S.C. § 1692e(5), a debt collector cannot threaten to take any action they legally cannot take, which they did when they tried to collect on the debt.

36. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which they did when they tried to collect on the debt.

37. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount, which it is not authorized to collect, which they did when they tried to collect on the debt.

38. Plaintiff has suffered actual damages as a result of these illegal collection communications.

39. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### Count 2 – Violations of the Wisconsin Consumer Act (Wis. Stat. 427.103)
### All Defendants

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Wis. Stat. § 427.104(1)(j) provides, in pertinent part: "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not: (j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

42. Defendants engaged collection actions over a debt they knew (or should have known) that Plaintiff was not liable to pay, is a threat, attempt, and/or claim to enforce a right with knowledge or reason to know it did not exist.

43. Under Wis. Stat. 427.104(h), a debt collector cannot "[e]ngage in… conduct which can reasonably be expected to… harass the customer."

44. Defendants engaged collection actions over a debt they knew (or should have known) that Plaintiff was not liable to pay, can reasonably be expected to harass a customer.

45. Plaintiff has suffered actual damages as a result of these illegal collection actions.

46. Plaintiff is entitled to actual, statutory, and punitive damages pursuant to Wis. Stat. § 427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. §435.308.

### Trial by Jury

47. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant SRM;
B. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant SRM;
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant SRM;
D. Actual, statutory, and punitive damages pursuant to Wis. Stat. § 427 *et al.* against all Defendants;
E. Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308 against all Defendants; and
F. Other and further relief as may be just and proper.

Dated this 27th day of May, 2021.

DeLadurantey Law Office, LLC

s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515
E: nathan@dela-law.com

*Attorney for the Plaintiff*